United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Christopher Reed, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-22973-Civ-Scola |
| | ) | |
| Bradley A. Friedman, P.A. and Star | ) | |
| Lakes Association, Inc., Defendants. | ) | |

## Order Dismissing Complaint

Plaintiff Christopher Reed complains Defendants Star Lakes Association, Inc., and Bradley A. Friedman, P.A., a condominium association and its lawyer, violated federal and state statutes in their efforts to collect various debts for unpaid association maintenance and special-assessment fees. (Compl. ECF No. 1.) The Defendants say Reed's complaint should be dismissed because the property and debt at issue belong not to Reed himself, but to a business entity, Reed's Enterprise. (Defs.' Mot. to Dismiss, ECF No. 8.) Accordingly, say the Defendants, Reed lacks standing to bring this suit and the debt is not subject to the consumer protections afforded by the Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act. (*Id.*) Reed counters that Reed's Enterprise is simply his "second 'legal name'" and therefore, the complained of wrongful conduct was, in effect, directed towards him, individually, as a "natural person." (Pl.'s Resp., ECF No. 9, 2–3.) The Court agrees with the Defendants that Reed lacks standing and that the debt at issue here is not afforded consumer protection under the FDCPA and, therefore, **grants** their motion to dismiss (**ECF No. 8**) **in part**, as to Reed's federal claims. And, because jurisdiction is based on federal-question jurisdiction, the Court dismisses the remaining state-law claims, without prejudice.

### 1. Background[1]

Reed, through his interest in Reed's Enterprise, owns a condominium unit in Miami, located at 18975 NE 2nd Avenue. (Compl. ¶ 13; Claim of Lien,

---

[1] The Court generally accepts the Plaintiff's factual allegations as true for the purposes of evaluating the Defendant's motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Additionally, the Court has also considered extrinsic documents, supplied by the Defendants, because (1) the Defendants have made a factual attack on the complaint regarding standing, *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233–34 (11th Cir. 2008), and (2) the supplied documents are central to Reed's claim and none of the parties challenges their authenticity, *see Speaker v. U.S. Dept. of Health & Human Services Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.").

ECF No. 8-1, 15; Pl.'s Resp. ¶ 3.) Star Lakes hired Bradley to collect debts allegedly owed for unpaid maintenance and special-assessment fees for that unit. (Compl. ¶ 14.) Reed appears to have received various letters Bradley addressed to Reed's Enterprise, attempting to collect on the debts. (*Id.* ¶ 15; Collection Letters, ECF No. 8-1.) In this series of letters, Bradley informed Reed's Enterprise of Star Lake's intent to lien and foreclose on the unit based on the amounts owed. (July 16, 2019, Intent to Lien Letter, ECF No. 8-1, 1–3; Apr. 17, 2020, Intent to Lien Letter, ECF No. 8-1, 4–13; June 29, 2020, Intent to Foreclose Letter, 8-1, 14–21.) The letters from Bradley and the recorded Claim of Lien all identify Reed's Enterprise as the owner of the unit. (ECF No. 8-1.) Reed, for his part, says he "does not owe, and never has owed, the specific amounts claimed by" the Defendants in the letters or in the claim of lien. (Compl. ¶¶ 15, 16.)

Reed emailed Bradley on July 13, 2020, telling him that he had an attorney representing him regarding Star Lake's claims. (*Id.* ¶ 17.) Just over twenty minutes later, Bradley emailed Reed "debt collection communication directly referencing other matters" Reed had addressed in his earlier email. (*Id.* ¶ 18.)

## 2. Legal Standard

### A. Standing

Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Indeed, standing generally must be present at the inception of the lawsuit. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n.5 (1992). Article III of the U.S. Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1264–65 (11th Cir. 2011) (quoting *Lujan*, 504 U.S. at 560; *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; *see also Hollywood Mobile Estates*, 641 F.3d at 1265 (same).

"[A] dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley*, 524 F.3d at 1232 (11th Cir. 2008) (citing *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)). Motions to dismiss a complaint for lack of subject matter jurisdiction can consist of either a facial or factual attack on the complaint. *Id.* (citation omitted). A facial attack requires the court to "merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual attack, like here, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley*, 524 F.3d at 1233–34. "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.* at 1232.

**B. Failure to State a Claim**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A court must dismiss a plaintiff's claims if he fails to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive

dismissal. *See Id.* at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

In attempting to ward off dismissal because of a lack of standing, Reed's primary argument is that he and Reed's Enterprise, a Florida-registered fictitious name, are one and the same. He urges the Court to consider Reed's Enterprise simply his "second 'legal name'" and to view any wrongs perpetrated against Reed's Enterprise by the Defendants to have been perpetrated against him directly. (Pl.'s Resp. ¶ 3.) The Court is not persuaded.

To begin with, Reed, in his response, has provided a link to the fictious-name detail page on sunbiz.org for Reed's Enterprise. *See, e.g.*, http://dos. sunbiz.org/ scripts/ficidet.exe?action=DETREG&docnum=G20000020195 &rdocnum=G20000016495). Similarly, the Defendants have provided a copy of Reed's application for registration of a fictitious name. (Defs.' Reply, Ex. 1, ECF No. 10-1.) These records both show that Reed's Enterprise is owned by two people: Reed and Rosenna Denise Reed. And, thus, as a matter of pure logic and commonsense, it is impossible for Reed and Reed's Enterprise to be coextensive. Further, the Fictitious Name Act is not, as Reed contends, simply a convenient method of adopting a second legal name in lieu of going through the much more onerous process, defined by Florida Statutes, of legally changing one's name. *See* Fla. Stat. § 68.07 (requiring, among other things, the submission of fingerprints for a state and national criminal-history records check; verification of residence and domicile in the county where the name change is sought; submission of the petitioner's father's name, mother's maiden name, spouse's name, children's names and their residences, current occupation and places of employment for the preceding five years, residences since birth, graduate-school history, bankruptcy history, arrest history; and participation in a formal hearing). Instead, as provided for in the Fictitious Name Act, the purpose of registering a fictitious name is to *transact business* under that name. Fla. Stat. § 865.09(2)(c) (defining "fictitious name" as "any name under which a person transacts business in this state, other than the person's legal name"); Fla. Stat. § 865.09(2)(a) (defining "Business" as "any enterprise or venture in which a person sells, buys, exchanges, barters, deals, or represents the dealing in any thing or article of value, or renders services for compensation.") Accordingly, contrary to Reed's opposition, the Court will not consider Reed's Enterprise to be the same as Reed himself nor will it consider Reed's Enterprise to be a natural person simply because the fictitious named is owned by a natural person rather than a business entity.

In light of this finding, the Court readily concludes Reed lacks standing to pursue the claims set forth in his complaint—he is neither the owner of the condominium unit nor the target of the Defendants' letters nor claim of lien. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (holding that, for a party to have standing to bring a lawsuit, he must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision"). Even if the Defendants' letters to Reed's Enterprise or claim of lien violated the FDCPA, Reed has not shown that any resulting injury to Reed's Enterprise from the statutory violations inured to him.

And, even if Reed were somehow able to pursue these claims on Reed's Enterprise's behalf—as he seems to suggest in offering to amend his plaintiff status to "Christopher Reed, aka Reed's Enterprise"—the complaint nevertheless fails to state a claim. This is because the debt apparently owed by Reed's Enterprise is not a "consumer debt" within the meaning of the FDCPA. The existence of a "debt" is threshold requirement for each of the FDCPA claims Reed raises. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). And the FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). In turn, the FDCPA specifically defines "consumer" as "any *natural person* obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added here). Reed's Enterprise, as a registered fictitious name owned by Reed and another person, is not a "natural person." Therefore, the alleged debt, by definition, is not a consumer debt within the meaning of the FDCPA. Accordingly, since Reed's Enterprise would not be able to state a claim for relief under the FDCPA, Reed would, in turn, have no basis for standing to sue on its behalf.

### 4. Conclusion

Based on the foregoing, the Court **grants** the Defendants' motion to dismiss (**ECF No. 8**) **in part**, **dismissing** count one, brought under the FDCPA. Because the Court is dismissing Reed's FDCPA claims on the basis of standing, the Court's dismissal is **without prejudice**. *Stalley*, 524 F.3d at 1234 (noting a complaint dismissed for a lack of standing is not a judgment on the merits and therefore should be without prejudice). Regarding the remainder of Reed's complaint, under the FCCPA (counts two and three), the Court declines to exercise supplemental jurisdiction and **dismisses** those state-law claims, also **without prejudice**. *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1089 (11th Cir.

2004) ("encourage[ing] district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial").

The Clerk is directed to **close** this case. Any pending motion are **denied as moot**.

**Done and ordered**, at Miami, Florida, on December 11, 2020.

Robert N. Scola, Jr.
United States District Judge